RECEIPT # 13255
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4-5-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN JACOBSEN, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. |
| CVS, INC. | ) |
| Defendant. | ) |

05 10664 MEL

**NOTICE OF REMOVAL**

MAGISTRATE JUDGE _____

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1441(b), and for the sole purpose of removing this matter to the United States District Court for the District of Massachusetts, the Defendant, CVS, Inc., whose correct name is CVS Pharmacy, Inc. (hereinafter "Defendant") states:

1.     State Court Action.

Plaintiff, Dan Jacobsen, filed this action against Defendant in the Middlesex County, Massachusetts Superior Court, Civil Action No. 05-0060. Copies of the Summons, Complaint, and Waiver of Service of Summons which were served on the Defendant, through its counsel, on March 22, 2005, are attached as Exhibit 1.

2.     Diversity of Citizenship.

The Complaint alleges that Plaintiff is a resident of Massachusetts, and that his claim against the Defendant is for age discrimination and breach of contract under state law. The Complaint further alleges that the Defendant has its principal place of business in the State of

Rhode Island. In fact, there is no legal entity named "CVS, Inc." CVS Pharmacy, Inc. is incorporated under the laws of the State of Rhode Island and its principal place of business is located at One CVS Drive, Woonsocket, Rhode Island.

3.   Amount in Controversy

In his Complaint, Plaintiff alleges that his employment with the Defendant was terminated because of his age and breach of a contract of employment existing between himself and the Defendant. Although no specific amount is requested in his prayer for relief, Plaintiff requests monetary damages due to lost wages and emotional distress, as well as trouble damages under M.G.L. c. 151B, §9. On March 23, 2005, the Defendant's attorneys delivered correspondence to Plaintiff's counsel requesting that he stipulate that the monetary damages sought by the Plaintiff in his Complaint did not exceed $75,000. Plaintiff's counsel has not agreed to the requested stipulation.

4.   Diversity Jurisdiction.

This action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which the Plaintiff is a resident of the State of Massachusetts and the Defendant is not, and in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.   Timeliness of Notice of Removal.

Defendant first received notice of this civil action through service of the Summons and Complaint on or about March 22, 2005. Defendant's original Notice of Removal was filed with the Court on April 4, 2004 and, therefore, was timely under 28 U.S.C. §1446(b).

6. <u>Relief Requested</u>.

Defendant requests that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Dated: April 5, 2005

Respectfully submitted,

CVS, Inc., whose correct name is
CVS Pharmacy, Inc.

By their attorneys,

Siobhan M. Sweeny, Esq.
BBO #562118
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Telephone (617) 439-4444
Facsimile (617) 439-4170

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been mailed to plaintiff's counsel, Paul H. Merry, Esquire, 44 School Street, Suite 1000, Boston, MA 02108, first-class, postage pre-paid on this ____5th____ day of April, 2005.

                                                    _____
                                                    Siobhan M. Sweeney

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX, ss
[seal]

No. 05-0060

Dan Jacobsen, Plaintiff(s)

v.

CVS, Inc., Defendant(s)

## SUMMONS

To the above-named Defendant:

PAUL H. MERRY, ESQ.
*COUNSELLOR AT LAW*
44 SCHOOL ST. SUITE 1000
BOSTON, MA 02108

You are hereby summoned and required to serve upon ............ plaintiff's attorney, whose address is ............, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike St. Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Cambridge, MA the 17th day of March 2005, in the year of our Lord.

*[signature] Edward J. Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..............................................................................................................................................
..............................................................................................................................................
..............................................................................................................................................
                                              ..............................................................................................

Dated: ................................................................................................

**N.B. TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ....................................................., .......... )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........., ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION

No. ..........

.........., Plff.

v.

.........., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT,
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.

05-0060

DAN JACOBSON,

    Plaintiff,

v.

CVS, INC.

    Defendant.



FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX
JAN 10 2005
CLERK

## COMPLAINT AND JURY CLAIM

### I. INTRODUCTION

1. Plaintiff Dan Jacobson brings this action seeking remedial orders requiring Defendant CVS to refrain from discriminating against its employees on the basis of age; and to pay him back wages, emotional distress and punitive damages on account of its discrimination against him.

### II. JURISDICTION

2. Jurisdiction over the parties and subject matter of this action is conferred upon this Court by General Laws Chapters 214, §4, and 151B, §9.

```
3550E000001/10/05CIVIL        240.00
3550E000001/10/05SUR CHARGE    15.00
3550E000001/10/05SUMMONS        5.00
3550E000001/10/05SECC          20.00
```

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT,
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.

DAN JACOBSON,

    Plaintiff,

v.

CVS, INC.

    Defendant.

## COMPLAINT AND JURY CLAIM

### I. INTRODUCTION

1. Plaintiff Dan Jacobson brings this action seeking remedial orders requiring Defendant CVS to refrain from discriminating against its employees on the basis of age; and to pay him back wages, emotional distress and punitive damages on account of its discrimination against him.

### II. JURISDICTION

2. Jurisdiction over the parties and subject matter of this action is conferred upon this Court by General Laws Chapters 214, §4, and 151B, §9.

## III. PARTIES

3. Plaintiff Dan Jacobson ("Mr. Jacobson") is a natural person with a residence at 30 Leroy Drive, Burlington, MA.

4. Defendant CVS, Inc. ("CVS") is a corporation doing business in the Commonwealth of Massachusetts and having a principal place of business in the State of Rhode Island.

## IV. FACTS

5. Mr. Jacobson, a man born March 19, 1933 had a successful career as a professional photographer. He had studios in Miami, Atlanta and New York.

6. Following Mr. Jacobson's retirement approximately 1998, he wanted to find part time work related to photography.

7. In January of 2001, Mr. Jacobson was hired as a part time Photo Lab Technician at the CVS Pharmacy at 34 Cambridge Road in Burlington, MA. Mr. Jacobson was hired by an assistant manager who was later transferred to another store.

8. Mr. Jacobson enjoyed working at CVS and received nothing but positive comments concerning his work for CVS. He continued working with photography, and assisted customers with their photo processing and other photography issues.

9. It is a policy of CVS to let employees process their own film on the store processing machines.

10. When Mr. Jacobson commenced employment, he was permitted to process his own film and he always paid for his own photos.

11. In mid-2002, however, Mr. Jacobson's manager, Linda Furey ("Ms. Furey"), told him that he could no longer use the photo machine for his own photos.

12. Mr. Jacobson observed that other younger employees continued to be permitted to use the photo processing machine for their own photos.

13. Mr. Jacobson's treatment by his manager, Ms. Furey, changed for the worse in the middle of 2002. Ms. Furey no longer greeted him when he arrived for work or when they saw one another in the store during working hours.

14. In the middle of 2002, Ms. Furey also told Mr. Jacobson, in the presence of an assistant manager, that any purchase that he made in the store had to be checked out by a manager before he left the store with it.

15. Mr. Jacobson complied with the requirement that a manager check any of his purchases, as requested by Ms. Furey.

16. Mr. Jacobson never witnessed any other employee in the store being subject to this requirement. On several occasions, he witnessed other employees purchasing items in the store without their purchases being checked by a manager.

17. Mr. Jacobson was told that it was CVS corporate policy for Photo Lab Technicians to assist customers with photo related issues.

18. Mr. Jacobson was reprimanded on several occasions by Ms. Furey for assisting a customer who was having difficulty with the photo making machine.

19. Other than being told not to assist customers with the photo making machine, Mr. Jacobson received no complaints concerning his job performance as a Photo Lab Technician.

20. Mr. Jacobson performed his job satisfactorily and continuously complied with the requests made by his manager. At each of his employee rating reviews, he was given an increase in salary.

21. Mr. Jacobson was terminated from his job at CVS by his manager Linda Furey on September 24, 2003.

22. Mr. Jacobson was replaced by a younger worker who was 23 years old.

23. Defendant CVS illegally terminated Mr. Jacobson based upon his age.

24. Mr. Jacobson filed a timely Complaint with the Massachusetts Commission Against Discrimination charging Defendant with discrimination on account of his age.

## V. CAUSES OF ACTION

### COUNT I: DISCRIMINATION ON ACCOUNT OF AGE

25. Mr. Jacobson hereby realleges and incorporates herein all allegations contained in foregoing paragraphs one through twenty-four of this Complaint as if fully set out herein.

26. The Massachusetts Anti-discrimination Act, General Laws Chapter 151B ("Act") §4 ¶1B, forbids discrimination in terms and conditions of employment, including discrimination against any persons on account of age.

27. By terminating Plaintiff Dan Jacobson in whole or in part on account of his age, Defendant CVS has violated the Act.

28. Mr. Jacobson has suffered material and substantial injury and damage as a direct and proximate result of the Defendant's violation of the Act.

### COUNT II: BREACH OF CONTRACT

29. Mr. Jacobson hereby realleges and incorporates herein all allegations contained in foregoing paragraphs one through twenty-eight of this Complaint as if fully set out herein.

30. On information and belief, defendant has established and promulgated employment policies and procedures for handling a range of employee issues, including employee conduct and procedures for disciplining and counseling employees.

31. These policies and procedures are in many cases

embodied in written manuals and memoranda presented to defendant's employees and managers upon their employment and at various other times thereafter.

32. These policies and procedures were provided in writing to defendant's employees, including Mr. Jacobson, at various times during his career as an employee of defendant, and on information and belief he was informed that defendant expected him to comply with and abide by these policies.

33. Mr. Jacobson continued his employment with defendant after receiving copies of these and other policies.

34. Defendant expects its employees to adhere to and to follow these policies, including relying on the policies in resolving disputes that arise; and has indicated to employees from time to time that these policies were in its best interest.

35. Defendant itself, on information and belief, as a general rule, adheres to these policies for guidance in its regular operation of its business.

36. These policies and rules of conduct establish certain terms of the employment contract existing between defendant and its employees, including Mr. Jacobson.

37. By failing to act in accordance with the policies and guidelines established in its policies and rules of conduct, as imposed upon its employees as a condition of employment, defendant breached its contract with Mr. Jacobson.

38.   Mr. Jacobson was materially and substantially damaged and injured by defendant's breach of its contract with him.

## VI. RELIEF

WHEREFORE YOUR PLAINTIFF DAN JACOBSON hereby RESPECTFULLY REQUESTS that this Honorable Court:

1.   Following a hearing on the merits, enter its findings of fact that:

a)   Defendant CVS violated Massachusetts law, G.L. c. 151B §4, ¶1B by firing him based upon age.

2.   Issue its Orders requiring the Defendant CVS to:

a)   Forthwith cease any discrimination against employees on account of age;

b)   Forthwith pay to Mr. Jacobson his lost wages due to his termination from employment on account of Defendant's discrimination; and a sum sufficient to compensate him adequately for the emotional distress suffered as a result of its illegal discriminatory termination in violation of G.L. c. 151B;

3. Award against Defendant CVS treble damages, as provided in age discrimination cases under G.L. c. 151B §9;

4. Award against Defendant CVS punitive damages in an amount sufficient to deter future violations of the Act, as provided in G.L. c. 151B §9;

5. Award Mr. Jacobson his damages on account of breach of contract;

6. Award Mr. Jacobson interest at the statutory rate on the total amount awarded to him in response to this Complaint between the date of his demand on defendant and the date of the Court's award;

7. Additionally, award Mr. Jacobson his costs and reasonable attorneys fees for prosecuting this action, as provided under G.L. c. 151B §5;

8. Grant such other and additional relief that the court deems appropriate and just.

PLAINTIFF CLAIMS A TRIAL BY JURY AS TO ALL COUNTS SO TRIABLE.

RESPECTFULLY SUBMITTED,
DAN JACOBSON
BY HIS ATTORNEYS

Paul H. Merry, Esq.  # 343580
Renee J. Bushey, Esq. #629444
Law Office of Paul H. Merry
44 School Street 10th Fl.
Boston, MA 02108
(617) 720-2400

DATE:

-8-

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2005-00060-B**

RE:   Jacobson v CVS, Inc.

TO: Paul H Merry, Esquire
44 School Street
10 th Floor
Boston, MA 02108

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/10/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/09/2005 |
| All motions under MRCP 12, 19, and 20 filed | 06/09/2005 |
| All motions under MRCP 15 filed | 06/09/2005 |
| All discovery requests and depositions completed | 11/06/2005 |
| All motions under MRCP 56 served and heard | 12/06/2005 |
| Final pre-trial conference held and firm trial date set | 01/05/2006 |
| Case disposed | 03/06/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in Rm 11B **(Cambridge) at Middlesex Superior Court.**

Dated: 01/12/2005

Edward J. Sullivan
Clerk of the Courts

BY: Michael Powers
Assistant Clerk

Location: Rm 11B (Cambridge)
Telephone: 617-494-4010 EXT 4294

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 2669143 inidoc01 prebmarg

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

S U P E R I O R   C O U R T
DEPARTMENT, TRIAL COURT
OF THE COMMONWEALTH
CIVIL ACTION NO. 05-0060

DAN JACOBSON, )
)
　　　Plaintiff, )
)
v. )
)
CVS, INC. )
)
　　　Defendant. )

## WAIVER OF SERVICE OF COMPLAINT AND SUMMONS

TO:　　Paul H. Merry, Esq. Counsel to plaintiff Dan Jacobson:

I hereby acknowledge receipt of your request that I waive service of a summons and the Complaint in the above encaptioned action, Dan Jacobson v. CVS, Inc., Middlesex Superior Court Civil Action No. 05-0060 filed in Middlesex County Superior Court. I have also received a copy of the Complaint and Summons, the Civil Action Cover Sheet, the Tracking Order in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to myself.

I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring

that I or CVS Inc. be served with judicial process in the manner provided by Massachusetts Rule of Civil Procedure 4. I and CVS., Inc., will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against CVS, Inc., and/or me if an Answer or Motion under Rule 12(a)(1) is not served upon you within twenty (20) days.

_____
Todd Reed, Esq.
EDWARD & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903

DATE: 3/23/05

2