UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-cv-10664 MEL

| | |
|---|---|
| DAN JACOBSON,          )<br>                               )<br>   Plaintiff,              )<br>                               )<br>vs.                           )<br>                               )<br>CVS, INC.                  )<br>                               )<br>   Defendant.           ) | **ANSWER AND AFFIRMATIVE<br>DEFENSES** |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant, CVS, Inc., whose correct name is CVS Pharmacy, Inc. (hereinafter "Defendant") submits this Answer and Affirmative Defenses (hereinafter "Answer") to the Complaint and Jury Claim (hereinafter "Complaint") of Dan Jacobson (hereinafter "Plaintiff" or "Jacobson"), as follows:

## I.     INTRODUCTION

1. Paragraph 1 of the Complaint is an introductory statement of Plaintiff's claims to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 1 of the Complaint.

## II.     JURISDICTION

2. Paragraph 2 of the Complaint is a statement of jurisdiction to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 2 of the Complaint.

## III.     PARTIES

3. Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 3 of the Complaint and therefore denies them.

4. Defendant denies the allegations of paragraph 4 of the Complaint, as there is no such legal entity.

## IV. FACTS

5. Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 5 of the Complaint and therefore denies them.

6. Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 6 of the Complaint and therefore denies them.

7. Defendant admits that Plaintiff was hired in January 2001 as a part-time Photo Lab Technician. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 7 of the Complaint and therefore denies them.

8. Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiff enjoyed working at CVS and therefore denies this allegation. Further answering, Defendant admits that Plaintiff was hired as part-time Photo Lab Technician and that his duties included assisting customers with their photo processing requests. Defendant denies that Plaintiff received "nothing but positive comments concerning his work." Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 8 of the Complaint and therefore denies them.

9. Denied. Further answering, Defendant admits that Photo Lab employees are permitted to process their own film at the store where Plaintiff worked.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations of paragraph 10 and therefore denies them.

11. Denied.

12. Defendant lacks sufficient knowledge or information to admit or deny the allegations of paragraph 12 of the Complaint and therefore denies them.

13. Denied.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations of paragraph 14 of the Complaint and therefore denies them.

15. Denied.

16. Defendant lacks sufficient knowledge or information to admit or deny the allegations of paragraph 16 of the Complaint and therefore denies them.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations of paragraph 17 of the Complaint and therefore denies them.

18. Defendant lacks sufficient knowledge or information to admit or deny the allegations of paragraph 18 of the Complaint and therefore denies them.

19. Denied.

20. Denied as to the first sentence of paragraph 20 of the Complaint.  Further answering, Defendant admits that Plaintiff's hourly wage rate increased in July of 2002 and July of 2003.

21. Admitted.

22. Defendant admits that following Plaintiff's termination, it assigned an employee who was younger than Plaintiff to work the Plaintiff's former work shifts.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22 of the Complaint and therefore denies them.

23. Denied.

24. Denied.

## V.      CAUSES OF ACTION

### COUNT I:  DISCRIMINATION ON ACCOUNT OF AGE

25. Defendant hereby realleges and incorporates herein all responses contained in the foregoing paragraphs one through twenty-four of this Answer as if fully set out herein.

26. Paragraph 26 of the Complaint is a statement of the law to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 26 of the Complaint.

27. Denied.

28. Denied.

### COUNT II:   BREACH OF CONTRACT

29. Defendant hereby realleges and incorporates herein all responses contained in the foregoing paragraphs one through twenty-eight of this Answer as if fully set out herein.

30. Defendant admits that it has employment policies and procedures concerning various matters. Further answering, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 30 of the Complaint.

31. Defendant admits that it has written policies and procedures and that these writings have been distributed to employees at various times.  Further answering Defendant lacks sufficient knowledge or information or information to admit or deny the remaining allegations of paragraph 31 of the Complaint.

32. Defendant admits that it has written policies that has distributed to employees at various times.  Further answering, Defendant lacks sufficient knowledge or information or information to admit or deny the remaining allegations of paragraph 32 of the Complaint.

33. Defendant lacks sufficient knowledge or information or information to admit or deny the allegations of paragraph 33 of the Complaint.

34. Defendant lacks sufficient knowledge or information or information to admit or deny the allegations of paragraph 33 of the Complaint.

35. Defendant lacks sufficient knowledge or information or information to admit or deny the allegations of paragraph 33 of the Complaint.

36. Denied.

37. Denied.

38. Denied.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's claims for compensatory damages are barred to the extent he is unable to establish harm caused by the defendant's conduct.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that doctrines of unclean hands, estoppel, laches, and/or waiver are applicable to the facts of this case.

### THIRD DEFENSE

The damages and relief sought by the plaintiff are not authorized by statute.

## FOURTH DEFENSE

Plaintiff's claim for punitive damages is barred because Defendant acted at all times in good faith.

## FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted in that the Defendant has no obligation to pay Plaintiff any amount of the losses or damages alleged.

## SEVENTH DEFENSE

Plaintiff's Complaint should be dismissed for misnomer.

## EIGHTH DEFENSE

Defendant states that each and every action of its employees with respect to Plaintiff was taken in good faith and for legitimate business reasons.

## NINTH DEFENSE

Plaintiff's complaint should be dismissed to the extent the Plaintiff has failed to comply with statutory pre-requisites and conditions precedent to suit.

## TENTH DEFENSE

Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages.

### ELEVENTH DEFENSE

To the extent that Plaintiff engaged in misconduct during his employment that would have resulted in his termination had the Defendants been aware of said misconduct, Plaintiff's claims should be barred for his having engaged in said misconduct.

### TWELFTH DEFENSE

Defendant has paid the plaintiff all of the salary and benefits to which he was entitled.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent they were not commenced within the applicable statute of limitations

### FOURTEENTH DEFENSE

Defendant acted at all times in good faith and reasonably believed that its actions involving Plaintiff did not violate any law.

### FIFTEENTH DEFENSE

An award of punitive damages in this case would be contrary to Defendant's good faith efforts to comply with the law.

### SIXTEENTH DEFENSE

The defendant states that it maintained a policy prohibiting discrimination, and a procedure for the resolution of complaints alleging discrimination.

### SEVENTEENTH DEFENSE

Plaintiff's Compliant is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct and because Plaintiff

unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid harm otherwise.

### EIGHTEENTH DEFENSE

Plaintiff's claim for breach of contract is barred to the extent that he cannot show offer and/or acceptance.

### NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract is barred to the extent that he cannot show consideration to support the alleged contract.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract is barred to the extent he cannot show breach by Defendant.

### TWENTY FIRST DEFENSE

Plaintiff's claim for breach of contract is barred to the extent that he has breached the terms of the alleged contract.

### **RELIEF REQUESTED BY DEFENDANT**

WHEREFORE, defendants respectfully request that the Court dismiss Plaintiff's Complaint and all counts there under and award Defendant its costs and attorneys' fees related to the defense of the instant allegations.

**<u>JURY DEMAND</u>**

Defendant demands a jury trial as to all issues so triable.

Dated: April 11, 2005

Respectfully submitted,

CVS, Inc., whose correct name is
CVS Pharmacy, Inc.

By their attorneys,

/s/    Siobhan M. Sweeney
_____
Siobhan M. Sweeny, Esq.
BBO #562118
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
Telephone (617) 439-4444
Facsimile (617) 439-4170

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been mailed to plaintiff's counsel, Paul H. Merry, Esquire, 44 School Street, Suite 1000, Boston, MA 02108, first-class, postage pre-paid on this 11th day of April, 2005.

/s/ Siobhan M. Sweeney
_____
Siobhan M. Sweeney