UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN JACOBSON,<br><br>              Plaintiff,<br><br>v.<br><br>CVS, INC.,<br><br>              Defendant. | CIVIL ACTION NO.  05-cv-10664 MEL |

## LOCAL RULE 81.1 STATEMENT

Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, attached as Exhibit A are certified copies of all of the filings in the matter of Dan Jacobson v. CVS, Inc., Civil Action No. 05-0060 in the docket of the Superior Court of the Commonwealth of Massachusetts for Middlesex County.

CVS, Inc., whose correct name is
CVS Pharmacy, Inc.
By their attorneys,

Siobhan M. Sweeny, Esq.
BBO #562118
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
Telephone (617) 439-4444
Facsimile (617) 439-4170

MICV2005-00060

**DAN JACOBSON**

**V.**

**CVS, INC**

****REMOVED TO US DISTRICT COURT****

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT,
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.

05-0060

DAN JACOBSON,

    Plaintiff,

v.

CVS, INC.

    Defendant.

)
)
)
)
)
)
)
)
)
)



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
JAN 10 2005
Edward J. Sullivan
CLERK

## COMPLAINT AND JURY CLAIM

### I. INTRODUCTION

1.  Plaintiff Dan Jacobson brings this action seeking remedial orders requiring Defendant CVS to refrain from discriminating against its employees on the basis of age; and to pay him back wages, emotional distress and punitive damages on account of its discrimination against him.

### II. JURISDICTION

2.  Jurisdiction over the parties and subject matter of this action is conferred upon this Court by General Laws Chapters 214, §4, and 151B, §9.

| | |
|---|---|
| 3550E000001/10/05CIVIL | 240.00 |
| 3550E000001/10/05SUR CHARGE | 15.00 |
| 3550E000001/10/05SUMMONS | 5.00 |
| 3550E000001/10/05SECC | 20.00 |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT,
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.

DAN JACOBSON, )
)
 Plaintiff, )
)
v. )
)
CVS, INC. )
)
 Defendant. )
)

## COMPLAINT AND JURY CLAIM

### I. INTRODUCTION

1.    Plaintiff Dan Jacobson brings this action seeking remedial orders requiring Defendant CVS to refrain from discriminating against its employees on the basis of age; and to pay him back wages, emotional distress and punitive damages on account of its discrimination against him.

### II. JURISDICTION

2.    Jurisdiction over the parties and subject matter of this action is conferred upon this Court by General Laws Chapters 214, §4, and 151B, §9.

### III. PARTIES

3.   Plaintiff Dan Jacobson ("Mr. Jacobson") is a natural person with a residence at 30 Leroy Drive, Burlington, MA.

4.   Defendant CVS, Inc. ("CVS") is a corporation doing business in the Commonwealth of Massachusetts and having a principal place of business in the State of Rhode Island.

### IV. FACTS

5.   Mr. Jacobson, a man born March 19, 1933 had a successful career as a professional photographer. He had studios in Miami, Atlanta and New York.

6.   Following Mr. Jacobson's retirement approximately 1998, he wanted to find part time work related to photography.

7.   In January of 2001, Mr. Jacobson was hired as a part time Photo Lab Technician at the CVS Pharmacy at 34 Cambridge Road in Burlington, MA.   Mr. Jacobson was hired by an assistant manager who was later transferred to another store.

8.   Mr. Jacobson enjoyed working at CVS and received nothing but positive comments concerning his work for CVS. He continued working with photography, and assisted customers with their photo processing and other photography issues.

9.   It is a policy of CVS to let employees process their own film on the store processing machines.

-2-

10.    When Mr. Jacobson commenced employment, he was permitted to process his own film and he always paid for his own photos.

11.    In mid-2002, however, Mr. Jacobson's manager, Linda Furey ("Ms. Furey"), told him that he could no longer use the photo machine for his own photos.

12.    Mr. Jacobson observed that other younger employees continued to be permitted to use the photo processing machine for their own photos.

13.    Mr. Jacobson's treatment by his manager, Ms. Furey, changed for the worse in the middle of 2002. Ms. Furey no longer greeted him when he arrived for work or when they saw one another in the store during working hours.

14.    In the middle of 2002, Ms. Furey also told Mr. Jacobson, in the presence of an assistant manager, that any purchase that he made in the store had to be checked out by a manager before he left the store with it.

15.    Mr. Jacobson complied with the requirement that a manager check any of his purchases, as requested by Ms. Furey.

16.    Mr. Jacobson never witnessed any other employee in the store being subject to this requirement.  On several occasions, he witnessed other employees purchasing items in the store without their purchases being checked by a manager.

-3-

17.     Mr. Jacobson was told that it was CVS corporate
policy for Photo Lab Technicians to assist customers with photo
related issues.

18.     Mr. Jacobson was reprimanded on several occasions by
Ms. Furey for assisting a customer who was having difficulty with
the photo making machine.

19.     Other than being told not to assist customers with
the photo making machine, Mr. Jacobson received no complaints
concerning his job performance as a Photo Lab Technician.

20.     Mr. Jacobson performed his job satisfactorily and
continuously complied with the requests made by his manager. At
each of his employee rating reviews, he was given an increase in
salary.

21.     Mr. Jacobson was terminated from his job at CVS by
his manager Linda Furey on September 24, 2003.

22.     Mr. Jacobson was replaced by a younger worker who was
23 years old.

23.     Defendant CVS illegally terminated Mr. Jacobson based
upon his age.

24.     Mr. Jacobson filed a timely Complaint with the
Massachusetts Commission Against Discrimination charging
Defendant with discrimination on account of his age.

-4-

## V. CAUSES OF ACTION

### COUNT I:  DISCRIMINATION ON ACCOUNT OF AGE

25.   Mr. Jacobson hereby realleges and incorporates herein all allegations contained in foregoing paragraphs one through twenty-four of this Complaint as if fully set out herein.

26.   The Massachusetts Anti-discrimination Act, General Laws Chapter 151B ("Act") §4 ¶1B, forbids discrimination in terms and conditions of employment, including discrimination against any persons on account of age.

27.   By terminating Plaintiff Dan Jacobson in whole or in part on account of his age, Defendant CVS has violated the Act.

28.   Mr. Jacobson has suffered material and substantial injury and damage as a direct and proximate result of the Defendant's violation of the Act.

### COUNT II: BREACH OF CONTRACT

29.   Mr. Jacobson hereby realleges and incorporates herein all allegations contained in foregoing paragraphs one through twenty-eight of this Complaint as if fully set out herein.

30.   On information and belief, defendant has established and promulgated employment policies and procedures for handling a range of employee issues, including employee conduct and procedures for disciplining and counseling employees.

31.   These policies and procedures are in many cases

-5-

embodied in written manuals and memoranda presented to
defendant's employees and managers upon their employment and at
various other times thereafter.

32.  These policies and procedures were provided in writing
to defendant's employees, including Mr. Jacobson, at various
times during his career as an employee of defendant, and on
information and belief he was informed that defendant expected
him to comply with and abide by these policies.

33.  Mr. Jacobson continued his employment with defendant
after receiving copies of these and other policies.

34.  Defendant expects its employees to adhere to and to
follow these policies, including relying on the policies in
resolving disputes that arise; and has indicated to employees
from time to time that these policies were in its best interest.

35.  Defendant itself, on information and belief, as a
general rule, adheres to these policies for guidance in its
regular operation of its business.

36.  These policies and rules of conduct establish certain
terms of the employment contract existing between defendant and
its employees, including Mr. Jacobson.

37.  By failing to act in accordance with the policies and
guidelines established in its policies and rules of conduct, as
imposed upon its employees as a condition of employment,
defendant breached its contract with Mr. Jacobson.

-6-

38.   Mr. Jacobson was materially and substantially damaged and injured by defendant's breach of its contract with him.


## VI. RELIEF

WHEREFORE YOUR PLAINTIFF DAN JACOBSON hereby RESPECTFULLY REQUESTS that this Honorable Court:

1.   Following a hearing on the merits, enter its findings of fact that:

a)   Defendant CVS violated Massachusetts law, G.L. c. 151B §4, ¶1B by firing him based upon age.

2.   Issue its Orders requiring the Defendant CVS to:

a)   Forthwith cease any discrimination against employees on account of age;

b)   Forthwith pay to Mr. Jacobson his lost wages due to his termination from employment on account of Defendant's discrimination; and a sum sufficient to compensate him adequately for the emotional distress suffered as a result of its illegal discriminatory termination in violation of G.L. c. 151B;

3. Award against Defendant CVS treble damages, as provided in age discrimination cases under G.L. c. 151B §9;

-7-

4. Award against Defendant CVS punitive damages in an amount sufficient to deter future violations of the Act, as provided in G.L. c. 151B §9;

5. Award Mr. Jacobson his damages on account of breach of contract;

6. Award Mr. Jacobson interest at the statutory rate on the total amount awarded to him in response to this Complaint between the date of his demand on defendant and the date of the Court's award;

7. Additionally, award Mr. Jacobson his costs and reasonable attorneys fees for prosecuting this action, as provided under G.L. c. 151B §5;

8. Grant such other and additional relief that the court deems appropriate and just.


PLAINTIFF CLAIMS A TRIAL BY JURY AS TO ALL COUNTS SO TRIABLE.


                              RESPECTFULLY SUBMITTED,
                              DAN JACOBSON
                              BY HIS ATTORNEYS


                              Paul H. Merry, Esq.  # 343580
                              Renee J. Bushey, Esq. # 629444
                              Law Office of Paul H. Merry
                              44 School Street 10th Fl.
                              Boston, MA 02108
                              (617) 720-2400

DATE:

-8-

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2005-00060-B**

RE:    Jacobson v CVS, Inc.

TO:Paul H Merry, Esquire
44 School Street
10 th Floor
Boston, MA 02108

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/10/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/09/2005 |
| All motions under MRCP 12, 19, and 20 filed | 06/09/2005 |
| All motions under MRCP 15 filed | 06/09/2005 |
| All discovery requests and depositions completed | 11/06/2005 |
| All motions under MRCP 56 served and heard | 12/06/2005 |
| Final pre-trial conference held and firm trial date set | 01/05/2006 |
| Case disposed | 03/06/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in Rm 11B (Cambridge) at Middlesex **Superior Court.**

Dated: 01/12/2005

Edward J. Sullivan
Clerk of the Courts

BY: Michael Powers
Assistant Clerk

Location: Rm 11B (Cambridge)
Telephone: 617-494-4010 EXT 4294

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtract_2.wpd 2669143 inidoc01 prebmarg

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
DEPARTMENT, TRIAL COURT
OF THE COMMONWEALTH
CIVIL ACTION NO. 05-0060

```
                                    )
DAN JACOBSON,                       )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )
CVS, INC.                           )
                                    )
        Defendant.                  )
                                    )
```

## WAIVER OF SERVICE OF COMPLAINT AND SUMMONS

TO:    Paul H. Merry, Esq. Counsel to plaintiff Dan Jacobson:

I hereby acknowledge receipt of your request that I waive service of a summons and the Complaint in the above encaptioned action, Dan Jacobson v. CVS, Inc. , Middlesex Superior Court Civil Action No. 05-0060 filed in Middlesex County Superior Court. I have also received a copy of the Complaint and Summons, the Civil Action Cover Sheet, the Tracking Order in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to myself.

I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring

that I or CVS  Inc. be served with judicial process in the manner
provided by Massachusetts Rule of Civil Procedure 4. I and
CVS., Inc., will retain all defenses or objections to the lawsuit
or to the jurisdiction or venue of the court except for objections
based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against CVS, Inc.,
and/or me if an Answer or Motion under Rule 12(a)(1) is not served
upon you within twenty (20) days.

Todd Reed, Esq.
EDWARD & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903

DATE: 3|23|05

2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT,
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.

**05-0060**

DAN JACOBSON,

     Plaintiff,

v.

CVS, INC.

     Defendant.

)
)
)
)
)
)
)
)
)
)
)

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
JAN 10 2005
*Edward J. Sullivan*
CLERK

## COMPLAINT AND JURY CLAIM

### I. INTRODUCTION

1.    Plaintiff Dan Jacobson brings this action seeking remedial orders requiring Defendant CVS to refrain from discriminating against its employees on the basis of age; and to pay him back wages, emotional distress and punitive damages on account of its discrimination against him.

### II. JURISDICTION

2.    Jurisdiction over the parties and subject matter of this action is conferred upon this Court by General Laws Chapters 214, §4, and 151B, §9.

| | |
|---|---|
| 3550E000001/10/05CIVIL | 240.00 |
| 3550E000001/10/05SUR CHARGE | 15.00 |
| 3550E000001/10/05SUMMONS | 5.00 |
| 3550E000001/10/05SECC | 20.00 |

## III. PARTIES

3.    Plaintiff Dan Jacobson ("Mr. Jacobson") is a natural person with a residence at 30 Leroy Drive, Burlington, MA.

4.    Defendant CVS, Inc. ("CVS") is a corporation doing business in the Commonwealth of Massachusetts and having a principal place of business in the State of Rhode Island.

## IV. FACTS

5.    Mr. Jacobson, a man born March 19, 1933 had a successful career as a professional photographer. He had studios in Miami, Atlanta and New York.

6.    Following Mr. Jacobson's retirement approximately 1998, he wanted to find part time work related to photography.

7.    In January of 2001, Mr. Jacobson was hired as a part time Photo Lab Technician at the CVS Pharmacy at 34 Cambridge Road in Burlington, MA.  Mr. Jacobson was hired by an assistant manager who was later transferred to another store.

8.    Mr. Jacobson enjoyed working at CVS and received nothing but positive comments concerning his work for CVS. He continued working with photography, and assisted customers with their photo processing and other photography issues.

9.    It is a policy of CVS to let employees process their own film on the store processing machines.

-2-

10.    When Mr. Jacobson commenced employment, he was permitted to process his own film and he always paid for his own photos.

11.    In mid-2002, however, Mr. Jacobson's manager, Linda Furey ("Ms. Furey"), told him that he could no longer use the photo machine for his own photos.

12.    Mr. Jacobson observed that other younger employees continued to be permitted to use the photo processing machine for their own photos.

13.    Mr. Jacobson's treatment by his manager, Ms. Furey, changed for the worse in the middle of 2002. Ms. Furey no longer greeted him when he arrived for work or when they saw one another in the store during working hours.

14.    In the middle of 2002, Ms. Furey also told Mr. Jacobson, in the presence of an assistant manager, that any purchase that he made in the store had to be checked out by a manager before he left the store with it.

15.    Mr. Jacobson complied with the requirement that a manager check any of his purchases, as requested by Ms. Furey.

16.    Mr. Jacobson never witnessed any other employee in the store being subject to this requirement.  On several occasions, he witnessed other employees purchasing items in the store without their purchases being checked by a manager.

-3-

17.    Mr. Jacobson was told that it was CVS corporate policy for Photo Lab Technicians to assist customers with photo related issues.

18.    Mr. Jacobson was reprimanded on several occasions by Ms. Furey for assisting a customer who was having difficulty with the photo making machine.

19.    Other than being told not to assist customers with the photo making machine, Mr. Jacobson received no complaints concerning his job performance as a Photo Lab Technician.

20.    Mr. Jacobson performed his job satisfactorily and continuously complied with the requests made by his manager. At each of his employee rating reviews, he was given an increase in salary.

21.    Mr. Jacobson was terminated from his job at CVS by his manager Linda Furey on September 24, 2003.

22.    Mr. Jacobson was replaced by a younger worker who was 23 years old.

23.    Defendant CVS illegally terminated Mr. Jacobson based upon his age.

24.    Mr. Jacobson filed a timely Complaint with the Massachusetts Commission Against Discrimination charging Defendant with discrimination on account of his age.

-4-

## V. CAUSES OF ACTION

## COUNT I:  DISCRIMINATION ON ACCOUNT OF AGE

25.    Mr. Jacobson hereby realleges and incorporates herein all allegations contained in foregoing paragraphs one through twenty-four of this Complaint as if fully set out herein.

26.    The Massachusetts Anti-discrimination Act, General Laws Chapter 151B ("Act") §4 ¶1B, forbids discrimination in terms and conditions of employment, including discrimination against any persons on account of age.

27.    By terminating Plaintiff Dan Jacobson in whole or in part on account of his age, Defendant CVS has violated the Act.

28.    Mr. Jacobson has suffered material and substantial injury and damage as a direct and proximate result of the Defendant's violation of the Act.

## COUNT II: BREACH OF CONTRACT

29.    Mr. Jacobson hereby realleges and incorporates herein all allegations contained in foregoing paragraphs one through twenty-eight of this Complaint as if fully set out herein.

30.    On information and belief, defendant has established and promulgated employment policies and procedures for handling a range of employee issues, including employee conduct and procedures for disciplining and counseling employees.

31.    These policies and procedures are in many cases

-5-

embodied in written manuals and memoranda presented to defendant's employees and managers upon their employment and at various other times thereafter.

32.  These policies and procedures were provided in writing to defendant's employees, including Mr. Jacobson, at various times during his career as an employee of defendant, and on information and belief he was informed that defendant expected him to comply with and abide by these policies.

33.  Mr. Jacobson continued his employment with defendant after receiving copies of these and other policies.

34.  Defendant expects its employees to adhere to and to follow these policies, including relying on the policies in resolving disputes that arise; and has indicated to employees from time to time that these policies were in its best interest.

35.  Defendant itself, on information and belief, as a general rule, adheres to these policies for guidance in its regular operation of its business.

36.  These policies and rules of conduct establish certain terms of the employment contract existing between defendant and its employees, including Mr. Jacobson.

37.  By failing to act in accordance with the policies and guidelines established in its policies and rules of conduct, as imposed upon its employees as a condition of employment, defendant breached its contract with Mr. Jacobson.

-6-

38.    Mr. Jacobson was materially and substantially damaged
and injured by defendant's breach of its contract with him.

## VI. RELIEF

WHEREFORE YOUR PLAINTIFF DAN JACOBSON hereby RESPECTFULLY
REQUESTS that this Honorable Court:

1.    Following a hearing on the merits, enter its findings
of fact that:

a)    Defendant CVS violated Massachusetts law, G.L. c. 151B
§4, ¶1B by firing him based upon age.

2.    Issue its Orders requiring the Defendant CVS to:

a)    Forthwith cease any discrimination against employees on
account of age;

b)    Forthwith pay to Mr. Jacobson his lost wages due to his
termination from employment on account of Defendant's
discrimination; and a sum sufficient to compensate him
adequately for the emotional distress suffered as a result of
its illegal discriminatory termination in violation of G.L. c.
151B;

3. Award against Defendant CVS treble damages, as provided
in age discrimination cases under G.L. c. 151B §9;

-7-

4. Award against Defendant CVS punitive damages in an amount sufficient to deter future violations of the Act, as provided in G.L. c. 151B §9;

5. Award Mr. Jacobson his damages on account of breach of contract;

6.   Award Mr. Jacobson interest at the statutory rate on the total amount awarded to him in response to this Complaint between the date of his demand on defendant and the date of the Court's award;

7.   Additionally, award Mr. Jacobson his costs and reasonable attorneys fees for prosecuting this action, as provided under G.L. c. 151B §5;

8.  Grant such other and additional relief that the court deems appropriate and just.

PLAINTIFF CLAIMS A TRIAL BY JURY AS TO ALL COUNTS SO TRIABLE.

RESPECTFULLY SUBMITTED,
DAN JACOBSON
BY HIS ATTORNEYS

Paul H. Merry, Esq.   # 343580
Renee J. Bushey, Esq. # 629444
Law Office of Paul H. Merry
44 School Street 10th Fl.
Boston, MA 02108
(617) 720-2400

DATE:

-8-